IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMIM EBRAHIMI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-01090-G-BT |
| | § | |
| MYKILL FIELDS, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shamim Ebrahimi, a suspended Texas lawyer proceeding *pro se*, initiated this civil action by filing a complaint against Mykill Fields and over 2,000 other defendants. He also filed a motion to proceed *in forma pauperis* (IFP), which the Court granted. Order (ECF No. 10). The Court withheld issuance of process pending judicial screening. However, Ebrahimi generated fraudulent summons, and one of the named defendants, The Kroger Co. (Kroger), filed a Motion to Dismiss under 28 U.S.C. § 1915(e)(2)(B) (ECF No. 5).[1]

---

[1] Ebrahimi composed his own version of a summons, which included the standard summons language found on the AO440 summons form. Ebrahimi then sent the fraudulent summons via e-mail in a manner similar to the Court's ECF notification, using a private e-mail address (ecf_service_txnd_323-CV-1090@outlook.com) designed to mimic the Court's address.

1

Having reviewed Ebrahimi's Complaint and Kroger's Motion, the undersigned recommends that the District Court GRANT Kroger's Motion and DISMISS with prejudice all of Ebrahimi's claims and causes of action.

## Background

Ebrahimi has filed four essentially identical IFP lawsuits in the Northern District. The first (*Ebrahimi I*) was dismissed as frivolous. *See Ebrahimi v. Fields*, 2022 WL 18494833 (N.D. Tex. Sept. 26, 2022) (Toliver, J.), rec. accepted 2023 WL 1072003 (N.D. Tex. Jan. 27, 2023) (Brown, J.). The second (*Ebrahimi II*) was dismissed as duplicative of *Ebrahimi I* and frivolous. *See Ebrahimi v. Fields*, 2023 WL 3236507 (N.D. Tex. Apr. 18, 2023) (Ramirez, J.), rec. accepted 2023 WL 3237507 (N.D. Tex. May 3, 2023) (Kinkeade, J.). Ebrahimi filed this pending action (*Ebrahimi III*) on August 29, 2022. While this action has been pending, Ebrahimi filed yet another substantially similar action (*Ebrahimi IV*). *Ebrahimi IV* has since been dismissed as frivolous and duplicative of *Ebrahimi I, II, and III*. *See Ebrahimi v. United States*, 2023 WL 7423932, at *5 (N.D. Tex. Oct. 16, 2023) (Ramirez, J.), rec. accepted 2023 WL 7420225 (N.D. Tex. Nov. 9, 2023) (Fish, J.). In addition, when dismissing *Ebrahimi IV*, the Court warned Ebrahimi "that filing further frivolous or baseless cases may result in monetary sanctions and/or a bar from bringing further civil actions without payment of the filing fee." *Id.*

As demonstrated in *Ebrahimi IV*, Ebrahimi's Complaint in this pending action mirrors his complaints in the other dismissed actions; each contains essentially the same factual allegations, causes of action, and requested relief. *See Ebrahimi*, 2023 WL 7423932, at *3 ("Plaintiff's complaint should be dismissed as duplicative of the dismissed complaints in *Ebrahimi* I and *Ebrahimi* II and the pending complaint in *Ebrahimi* III.").

In this case, Ebrahimi alleges in his Complaint that his "causes of action against Defendants are generally rooted in civil rights violations such as denial of equal protection and due process, but also include RICO violations such as forced labor, sex trafficking, kidnapping, obstructions of justice, wire fraud, honest services fraud, bribery, theft, and money laundering; anti-trust violations; fraud; negligence; intentional infliction of emotional distress; barratry; unlawful use of zombies/botnets; unlawful interception, use, and disclosure of communications; and nuisance activity under Federal and/or State law as applicable." Compl. 1 (ECF No. 1). His factual allegations, as in his other complaints, are "rambling and largely incoherent and border on the fantastic and delusional." *Ebrahimi*, 2022 WL 18494833, at *1. He alleges that he has been "subjected to severe forms of trafficking and torture for over twenty years at the hands of a Government sanctioned child sex trafficking ring," and that Defendants "have subjected [him] to no less than 5,000 known actionable events" since he was 16 years old. Compl. 4 (ECF No. 1). These events allegedly include:

3

> constant electronic and visual surveillance; . . . sex trafficking; . . . depriving Plaintiff of educational opportunity which includes sabotaging Plaintiff's legal education, interfering with Plaintiff's college education, and harming Plaintiff's high school education; depriving Plaintiff of social opportunity by instructing persons not to engage with or include Plaintiff; . . . subjecting Plaintiff to two wrongful evictions . . . causing Plaintiff to suffer a brain aneurysm; rendering Plaintiff a disabled individual; murdering Plaintiff's dog of almost fourteen years; torturing Plaintiff's seven month old puppy . . . tampering with Plaintiff's medication . . . forcibly sterilizing Plaintiff on live broadcast; sexually assaulting Plaintiff on live broadcast; and denying Plaintiff's attempts to seek redress for the harms.

*Id.* at 4-5 (ECF No. 1).

Ebrahimi lists a staggering number of Defendants, including various companies such as Airbnb, Amazon, Domino's Pizza, and Dollar Shave Club; celebrities such as Alicia Keys, Beyonce Knowles, Dave Chappelle, and Taylor Swift; governmental entities such as the State of Texas and the State Bar of Texas; judges; and politicians. Compl. Attach. 1 (ECF No. 1-1). He seeks "injunctive relief in accordance with the law[] . . . disciplinary and other review . . . declaratory relief . . . monetary damages, civil fines at the highest amounts, exemplary damages, pre- and post-judgment interest, costs of suit, and attorney's fees." Compl. 14 (ECF No. 1).

**Legal Standards and Analysis**

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if the Court finds the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or

4

if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Factual allegations render a complaint frivolous when they are "clearly baseless." *Neitzke*, 490 U.S. at 327; *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Clearly baseless allegations include those that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. A complaint lacks an arguable basis in the law when it relies on an "indisputably meritless legal theory." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Here, even under a liberal construction, Ebrahimi's factual allegations are frivolous. His allegations are not simply unlikely or improbable. Rather, his rambling Complaint is largely incoherent, fanciful, and incredible. His contentions present the kind of delusional scenario which district courts are "all too familiar [with]," *Neitzke*, 490 U.S. at 325, and consequently, "in the best position to determine" fall into the category of factually frivolous claims. *Denton*, 504 U.S. at 33. Accordingly, the Court should dismiss Ebrahimi's case as frivolous under 28 U.S.C. § 1915(e)(2)(B).

Additionally, the Court may also dismiss as frivolous "successive IFP suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242 (5th Cir. 1995) (citing *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir.1993) (pending lawsuits); *Bailey v. Johnson,* 846

5

F.2d 1019, 1021 (5th Cir.1988) (previous lawsuits)). Duplicative actions are those "arising from the same series of events and alleging many of the same facts as an earlier suit[.]" *Bailey,* 846 F.2d at 1021. "The addition of different defendants in the successive action does not change the frivolous or duplicative nature of the case, and a court may properly dismiss it." *Ebrahimi*, 2023 WL 3236507, at *2 (citing *Bailey*, 846 F.2d at 1021).

This pending action is duplicative of *Ebrahimi I* and *II*, filed prior to this pending Complaint, and *Ebrahimi IV*, filed after the pending action but already dismissed as frivolous. As in those actions, Ebrahimi asserts that his claims are "generally rooted in civil rights violations such as denial of equal protection and due process, but also include RICO violations[.]" (*compare* doc. 1 at 1 with 3:22-cv-1906-E-BK, doc. 1 at 1; 3:23-cv-00273-K-BH, doc. 7-1 at 1; 3:23-cv-02229-G-BH, doc. 1 at 1). His allegations here, as in his other cases, center around Ebrahimi's belief that he has been subjected to trafficking, torture, and other illicit acts for decades. (*compare* doc. 1 at 3-4 with 3:22-cv-1906-E-BK, doc. 1 at 3; 3:23-cv-00273-K-BH, doc. 7-1 at 4; 3:23-cv-02229-G-BH, doc. 1 at 4). And this Complaint alleges—as did his others—"no less than 5,000 actionable events, dating back to . . . when Plaintiff was sixteen years old and continuing to present day." (*compare* doc. 1 at 4 with 3:22-cv-1906-E-BK, doc. 1 at 4; 3:23-cv-00273-K-BH, doc. 7-1 at 4; 3:23-cv-02229-G-BH, doc. 1 at 4). Further, the list of "actionable events" in the pending Complaint is nearly identical to his other complaints.

(*compare* doc. 1 at 4 with 3:22-cv-1906-E-BK, doc. 1 at 4; 3:23-cv-00273-K-BH, doc. 7-1 at 4; 3:23-cv-02229-G-BH, doc. 1 at 4). These pleadings have essentially identical "claims" sections, asserting a laundry list of ways Defendants violated his civil, criminal, and constitutional rights by conspiring against him throughout most of his life. (*compare* doc. 1 at 6-14 with 3:22-cv-1906-E-BK, doc. 1 at 6-14; 3:23-cv-00273-K-BH, doc. 7-1 at 6-14; 3:23-cv-02229-G-BH, doc. 1 at 6-14). Finally, there is substantial overlap between the defendants listed in each complaint. (*compare* doc. 1-1 at 1-258 with 3:22-cv-1906-E-BK, doc. 6; 3:23-cv-00273-K-BH, doc. 7-2; 3:23-cv-02229-G-BH, doc. 1 at 18-280).

Accordingly, the Court should dismiss this case with prejudice for being duplicative. *See Bailey*, 846 F.2d at 1021.

## Leave to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already pleaded his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Nor is it necessary if amendment would be futile. *See, e.g., Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). Here, Ebrahimi's claims are patently frivolous and duplicative of those already raised and rejected in other cases, so leave to amend is not warranted.

## Recommendation

The District Court should GRANT Kroger's Motion (ECF No. 5) and DISMISS with prejudice all of Ebrahimi's claims and causes of action under 28 U.S.C. § 1915(e)(2)(B).

The Court should also reiterate its warning that it may impose monetary sanctions and/or a bar from bringing further civil actions without payment of the filing fee if Ebrahimi files another frivolous action. *See Ebrahimi,* 2023 WL 7420225, at *1.

**SO RECOMMENDED.**

January 5, 2024.

                                                                                                  REBECCA RUTHERFORD
                                                                                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *Send*; Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).